# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:11CR386 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| IBRAHIM Z. MATARI and | ) | ORDER |
| CRYSTAL L. FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant Crystal L. Foster's Motions to Sever (#28) and to Change Name of Defendant (#30). The motion for severance is joined by defendant Ibrahim Z. Matari, Motion to Join (#32). The Motion to Sever raises the issue of joinder of defendants for trial and alleges that the defendants should be severed under Fed. R. Crim. P. 14(a) in that a joint trial would prejudice Foster and violate her Sixth Amendment right to confrontation. The court ordered a response brief by the United States, and the government filed its brief (#36) in opposition on March 14, 2012.

## **Motion for Severance**

Defendants Foster and Matari are charged by indictment with one count of Conspiracy to commit Marriage Fraud and one count of Marriage Fraud, aiding and abetting. The defendants move for severance based upon Fed. R. Crim. P. 14(a). The government counters that joinder is proper under both Rule 8(b) and Rule 14 of the Federal Rules of Criminal Procedure and that severance is not required.

The government contends that joinder is proper under Rule 14 of the Federal Rules of Criminal Procedure and that severance is not required.

Relief from prejudicial joinder is governed by Fed. R. Crim. P. 14:

> "When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995), *cert. denied,* [517 U.S. 1149 & 1026 (1996). Rule 8 and Rule 14 are to be given a liberal construction in favor of joining the trial of several defendants. *Id.*
>
> Rule 8 permits the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P.8. For proper joinder under this provision, [i]t is not necessary that every defendant have participated in or be charged with each offense." *Darden*, 70 F.3d at 1527 (internal quotations omitted)....
>
> If joinder is proper under Rule 8, the defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial. *Id.* This burden may be satisfied by showing that the jury was unable to compartmentalize the evidence against each defendant or that the defendants' defenses are irreconcilable. [*United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995)].

*United States v. Warfield*, 97 F.3d 1014, 1018-19 (8th Cir.), *cert. denied*, 520 U.S. 1110 (1996).

Defendants contend they will be unfairly prejudiced because each have made statements implicating the other in the charged offenses. They argue that any attempt to introduce the co-defendant's statements at rial would be violative of their sixth amendment rights. *See Bruton v. United States*, 391 U.S. 123 (1968).

This problem was addressed in *United States v. Miller*, 995 F.2d 865, 867 (8th Cir.), *cert. denied*, 510 U.S. 1018 (1993):

> In *Bruton v. United States*, 391 U.S. 123, 126, 88 S. Ct. 1620, 1622, 20 L. Ed. 2d 476 (1968), the Supreme Court held that the admission in a joint trial of a nontestifying codefendant's confession expressly implicating the defendant violated the defendant's right under the Sixth Amendment to

confront the witnesses against him, even if the trial court instructed the jury to consider the confession only against the co-defendant that had made the statement. In a more recent case, however, the Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh,* 481 U.S. 200, 211, 107 S. Ct. 1702, 1709, 95 L.Ed. 176 (1987). We have subsequently held that the Confrontation Clause is not violated where a defendant's name is replaced by a neutral pronoun and the redacted confession implicates the defendant only when connected with other evidence in the case. *See, e.g., United States v. Donahue*, 948 F.2d 438, 444 (8th Cir. 1991), *cert. denied*, [503 U.S. 976] (1992); *United States v. Garcia*, 836 F.2d 385, 390 (8th Cir. 1987); *but see United States v. Long*, 900 F.2d 1270, 1280 (8th Cir. 1990) (*Bruton* violated where redacted confession and co-defendant's cross-examinationof witness "led the jury straight to the conclusion that 'someone' referred to [the defendant]").

*See also United States v. Pou*, 953 F.2d 363, 368-69 (8thCir), *cert. denied*, 504 U.S. 926 (1992).

The law of severance is well settled. Generally, persons charged with conspiracy on similar evidence should be tried together. The standard for severance is high and the prejudice must be compelling. Additionally, Fed. R. Evid. 801(d)(2)(E) allows for hearsay statements in furtherance of a conspiracy to be admitted.

Foster argues that *Crawford v. Washington,* 541 U.S. 36 (2004) requires severance as the statements in this case are testimonial in nature. I find that they are not. *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), holding that similar statements were not hearsay and that *Crawford* does not apply to co-conspirator hearsay as such hearsay is not testimonial.

### Motion to Change Name of Defendant

Crystal L. Foster moves the court to Change Name of Defendant (#30). I find the motion is premature and that the issue is better addressed in a motion in limine with the trial court. The motion is denied without prejudice to the issue being raised at a later time.

**IT IS ORDERED:**

1. Defendant Foster's Motions, for Severance (#28) and to Change Name of Defendant (#30), are denied without hearing.

2. Defendant Matari's Motion to Join in Co-defendant's Motions (#32) is denied without hearing.

Dated this 23rd day of March 2012.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge

### Notice

A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.